UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFIC TECH, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VELOX GROUP, INC., a California corporation,<br><br>Defendant. | No. 2:19-cv-1793-KJM-EFB<br><br>ORDER |

This case is before the court on plaintiff Traffic Tech, Inc.'s motion for default judgment against defendant Velox Group, Inc. ECF No. 11.[1] As explained below, the record fails to demonstrate that defendant was properly served with a copy of the summons and complaint. Accordingly, plaintiff's motion for default judgment must be denied without prejudice to renewal.

Shortly after commencing this action, plaintiff filed a proof of service indicating that it a served "Velox Group, Inc. c/o Agent for Service of Process Transportation Authority, LLC" by serving "Peter S. Doody, Agent for Service" by substitute service. ECF No. 5; *see* Fed. R. Civ. P. 4(g) & 4(e)(1); Cal. Civ. P. Code § 415.20(a). More specifically, a process server notes that he served Mr. Doody by leaving a copy of the summons and complaint with Dawn Richardson, who

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

is identified as a secretary at Mr. Doody's office at the agent's office. *Id*. The proof of service also reflects that a copy of the summons and complaint was subsequently mailed to Mr. Doody at his office, which is located at 401 W A St., Ste. 2600, San Diego, California. *Id*. However, the California Secretary of State's website shows that defendant's authorized agent for service is Pavel Deryabkin, whose address of record is 4828 Jackson Street, North Highlands, California.[2] *See* Cal. Corp. Code § 1502(b) (requiring corporations to register an agent for service of process).

Thus, the record demonstrates that plaintiff did not serve defendant's registered agent for service of process. Defendant's motion for default judgment also fails to demonstrate that Mr. Doody is authorized to accept service on behalf of plaintiff. Furthermore, the motion fails to mention, let alone address and analyze the controlling standards for this motion set out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Clearly, plaintiff has not demonstrated that the *Eitel* factors weigh in favor of granting default judgment.

Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment (ECF No. 11) is denied without prejudice to renewal upon filing a properly-supported motion addressing the *Eitel* factors and demonstrating defendant was properly served.

DATED: September 1, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court takes judicial notice of defendant's entity profile from the California Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033 34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).