1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAFFIC TECH, INC.,

                Plaintiff,

    v.

VELOX GROUP, INC.,

                Defendant.

Case No.  2:19-cv-01793-KJM-JDP

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT BE GRANTED

OBJECTIONS DUE WITHIN 14 DAYS

ECF No. 15

      Plaintiff Traffic Tech, Inc., proceeds in this action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs the federal liability of freight carriers.  ECF No. 1.  Plaintiff claims that defendant Velox Group, Inc. agreed to transport a truckload of packaged frozen, diced red peppers by precooled, food-grade refrigerated truck.  *Id.* at 2.  Defendant received the cargo on July 21, 2018, but the cargo was rejected at its destination on account of temperature abuse on July 24, 2018.  *Id.*  Velox Group has not answered the complaint or otherwise appeared.  On September 11, 2020, plaintiff filed the instant renewed motion for default judgment in the amount of $36,706.85.  *See* ECF No. 15.  The court held a hearing on October 15, 2020, but only plaintiff's counsel appeared.  Because defendant was

1   properly served, and because relevant discretionary factors point in favor of the default judgment,

2   I recommend that plaintiff's motion be granted for the full amount—$36,706.85.

3   **DISCUSSION**

4       Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party

5   that has defaulted.  While the decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d

6   1089, 1092 (9th Cir.1980), it is guided by several factors.  The court must first assess the

7   adequacy of service on the party against whom the default judgment would be entered.  *See*

8   *Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671 LJO GSA, 2014 WL 325321, at *1

9   (E.D. Cal. Jan. 28, 2014); *see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97,

10   104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the

11   procedural requirement of service of summons must be satisfied.").  If service was sufficient, the

12   court may then consider a number of factors, including possible prejudice to the plaintiff; the

13   merits of plaintiff's claim; the sufficiency of the complaint; the sum of money at stake; the

14   possibility of a factual dispute; whether the default was potentially due to excusable neglect; and

15   the general policy that cases be decided on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-

16   72 (9th Cir.1986).  In addition, "the factual allegations of the complaint, except those relating to

17   the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560

18   (9th Cir. 1977).

19       Here, service on defendant was properly completed, and the clerk of court properly

20   entered a default on January 14, 2020.  *See* ECF No. 8.  Federal Rule of Civil Procedure

21   4(h)(1)(B) allows service to occur on any "agent authorized by appointment or by law to receive

22   service of process."  In turn, 49 USC § 13304(a) requires designation of an agent for service to be

23   filed with the Department of Transportation.  Here, defendant's agent for process registered with

24   DOT was personally served on October 2, 2019.  *See* ECF No. 15-1.  The court thus finds that

25   defendant was properly served.

26       The *Eitel* factors also point in favor of granting default judgment.  Generally, a plaintiff

27   has no means other than a default judgment to recover against a defaulting defendant and would

28   be prejudiced if judgment were not entered.  *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847

2

1  F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Plaintiff's complaint also states a claim that—

2  accepting the allegations therein as true—appears meritorious.  That claim is straightforward:

3  "Defendant agreed to transport a truckload of packaged frozen, diced red peppers . . . from

4  Escalon, California to Schulenburg, Texas for $4,400.00 by precooled, food-grade refrigerated

5  truck."  ECF No. 1 at 2.  Plaintiff alleges, however, that the peppers were rejected "on account of

6  temperature abuse" resulting in a loss of $29,375 worth of cargo and incurring $225 in costs for

7  plaintiff in relation to inspection of the refrigeration unit.  *Id.*  The parties also agreed that

8  "plaintiff is entitled to its attorneys' fees incurred in enforcing the Agreement, which governs the

9  relationship between the parties including cargo loss and damage claims."  *Id.* at 2-3; *see also*

10  ECF No. 15-3.

11         The Carmack Amendment makes clear that the carrier "providing transportation or

12  service" is "liable to the person entitled to recover under the receipt or bill of lading."  49 U.S.C.

13  § 14706(a)(1); *see also Pac. Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 710 (9th Cir.

14  2011) ("The Carmack Amendment imposes strict liability upon receiving carriers and delivering

15  carriers.").  The amount requested in judgment—$36,706.85—appears reasonably to reflect the

16  sum of damages, interest, costs, and attorney's fees.  ECF No. 15.  Finally, given that defendant

17  was properly served, there is no evidence that the company's failure to appear is due to excusable

18  neglect.  *Cf. Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal.

19  2001).

20         *Eitel* does make clear that "[c]ases should be decided upon their merits whenever

21  reasonably possible."  782 F.2d at 1472.  But, standing alone, this policy is insufficient to deny

22  default judgment against a defendant that has failed to appear and defend itself.  *PepsiCo, Inc. v.*

23  *California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  With no appearance from

24  the defendant, a decision on the merits is simply unworkable.

25  **FINDINGS AND RECOMMENDATIONS**

26         I recommend that plaintiff's motion for a default judgment be granted in the amount of

27  $36,706.85, that judgment be entered against defendant, and that the clerk be directed to close this

28

3

1    case.

2         These recommendations will be submitted to the U.S. district judge presiding over the

3    case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the

4    findings and recommendations, the parties may file written objections to the findings and

5    recommendations with the court and serve a copy on all parties.  That document must be

6    captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding

7    district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

8    Dated: October 21, 2020

9

10                                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4